# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman CHANCE J. H. PESCHARD
### United States Air Force

## ACM S32304

## 28 July 2016

Sentence adjudged 10 December 2014 by SPCM convened at Lajes Field, Azores, Portugal. Military Judge: Christopher F. Leavey (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, forfeiture of $1,021.00 pay per month for 3 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Michael A. Schrama.

Appellate Counsel for the United States: Major Meredith L. Steer and Gerald R. Bruce, Esquire.

Before

MAYBERRY, BROWN, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

KIEFER, Judge:

Appellant was convicted by a military judge, pursuant to his pleas, of one specification of wrongfully introducing cocaine onto a military installation and one specification of wrongful use of cocaine on divers occasions. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 3 months, forfeiture of $1,021.00 pay per month for 3 months, and reduction to the grade of E-1. Appellant alleges that his

sentence was inappropriately severe.[*]  Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

While assigned to Lajes Field, Azores, Portugal, from February through April 2014, Appellant used cocaine on multiple occasions with another military member at locations both on and off base.  On one occasion in April 2014, Appellant obtained the cocaine from a dealer off base, brought the cocaine back onto base, and wrongfully used the cocaine with another military member in the Lajes Field dorms.

*Sentence Severity*

Appellant challenges the severity of his sentence, in particular the punitive discharge.  This court reviews sentence appropriateness de novo.  *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).  We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved."  Article 66(c), UCMJ, 10 U.S.C. § 866(c).  "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial."  *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009).  Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency.  *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In evaluating the sentence in this case of a bad-conduct discharge, three months confinement, forfeitures, and reduction to E-1, we find the sentence adjudged and approved to be correct in law and fact based on the entire record.  Appellant was found guilty pursuant to his pleas of wrongfully using cocaine and wrongful introduction of cocaine onto a military installation in a foreign country.  His service record includes multiple Article 15, UCMJ, 10 U.S.C. § 815, administrative actions and a referral enlisted performance report.

After reviewing the entire record and giving individualized consideration to "the nature and seriousness of the offense[s] and the character of the offender," we are convinced the sentence is appropriate.  *See United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

---

[*] Appellant raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

*Conclusion*

The approved findings and sentence are correct in fact and law, and no error materially prejudicial to the substantial right of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist